UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODWIN CHUNGAG and IRENE S.
CHUNGAG,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., WAYNE
COUNTY SHERIFF, BENNY N.
NAPOLEON, an individual, and RALPH
LEGGAT, Deputy Sheriff for the County of
Wayne,

    Defendants.

_____/

Case No. 12-11073

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS**

This matter comes before the Court on Plaintiffs' motion to remand and Defendant Wells Fargo's motion to dismiss. For the reasons set forth below, Plaintiffs' motion to remand is DENIED and Defendant Wells Fargo's motion to dismiss is GRANTED.

**I.  Facts**

In 1998, Plaintiffs purchased a property and took out a $200,000 loan secured by a 30-year mortgage. (Compl. ¶¶ 8-9.) In June 2010, the loan was assigned to Defendant Wells Fargo. (*Id.* at ¶ 10.) As of November 2010, Plaintiffs had paid $71,000 in excess of the amount required under the amortization schedule in the loan. (*Id.* at ¶ 11.) In

1

November 2010, Defendant Wells Fargo informed Plaintiffs that they had defaulted on the loan for failure to make the required payment each month, despite the fact that Plaintiffs had made previous payments in excess of the amounts required. (*Id.* at ¶ 12.) Defendant Wells Fargo sought to foreclose on the property by sheriff sale on November 17, 2010.

Plaintiffs filed a complaint to prevent Defendant Wells Fargo from pursuing any foreclosure action and on November 15, 2010, the Wayne County Circuit Court issued a temporary restraining order, staying the sheriff sale until further order by the court. (Compl. ¶ 14.)  Defendant Wells Fargo removed the case to this Court and this Court dismissed Plaintiff's complaint on February 17, 2011.  On March 11, 2011, Plaintiffs appealed this Court's dismissal of Plaintiff's first complaint against Defendant Wells Fargo and that appeal is currently pending before the Sixth Circuit.

Plaintiffs, through their counsel, asked Defendant Wells Fargo to inform them of any attempt to hold a sheriff sale so that they could obtain a stay. (Pls. Mot. at 6.)  On March 9, 2011, Defendant Wells Fargo proceeded with a sheriff sale of the property. (Compl. ¶ 16.) Defendant Wells Fargo did not inform Plaintiffs that it was proceeding with the sheriff sale. (Pls. Mot at 7.)  Plaintiff alleges that upon information and belief, Defendant Wells Fargo did not publish any notice of adjournment as required by MCL 600.3220. (Compl. ¶ 22.)  Under Michigan Law:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale

November 2010, Defendant Wells Fargo informed Plaintiffs that they had defaulted on the loan for failure to make the required payment each month, despite the fact that Plaintiffs had made previous payments in excess of the amounts required. (*Id.* at ¶ 12.) Defendant Wells Fargo sought to foreclose on the property by sheriff sale on November 17, 2010.

Plaintiffs filed a complaint to prevent Defendant Wells Fargo from pursuing any foreclosure action and on November 15, 2010, the Wayne County Circuit Court issued a temporary restraining order, staying the sheriff sale until further order by the court. (Compl. ¶ 14.)  Defendant Wells Fargo removed the case to this Court and this Court dismissed Plaintiff's complaint on February 17, 2011.  On March 11, 2011, Plaintiffs appealed this Court's dismissal of Plaintiff's first complaint against Defendant Wells Fargo and that appeal is currently pending before the Sixth Circuit.

Plaintiffs, through their counsel, asked Defendant Wells Fargo to inform them of any attempt to hold a sheriff sale so that they could obtain a stay. (Pls. Mot. at 6.)  On March 9, 2011, Defendant Wells Fargo proceeded with a sheriff sale of the property. (Compl. ¶ 16.) Defendant Wells Fargo did not inform Plaintiffs that it was proceeding with the sheriff sale. (Pls. Mot at 7.)  Plaintiff alleges that upon information and belief, Defendant Wells Fargo did not publish any notice of adjournment as required by MCL 600.3220. (Compl. ¶ 22.)  Under Michigan Law:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale

> shall be adjourned. No oral announcement of any adjournment shall be necessary.

Mich. Compl. Law § 600.3220.

On March 6, 2012, Plaintiffs filed the current complaint in the Wayne County Circuit Court to set aside the sheriff deed and for slander of title. Plaintiffs named three defendants in the Complaint; (1) Wells Fargo, (2) Wayne County Sheriff, Benny N. Napoleon, and (3) Deputy Sheriff for the County of Wayne, Ralph Leggat. Plaintiffs allege that the Wayne County Sheriff failed to ensure compliance with the statutory publication requirement.

Defendant Wells Fargo was served with this Complaint on March 8, 2012. On March 9, 2012, Defendant Wells Fargo filed its Notice of Removal. On April 12, 2012, Defendants Benny N. Napoleon and Ralph Leggat filed their Notice of Concurrence of Removal. The redemption period following the sheriff sale expired on March 9, 2012.

## II. Standard

### A. Motion for Remand

A federal court has original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. 1332(a)(1). Diversity of citizenship exists only when no plaintiff and no defendant are citizens of the same state. *United States Fid. and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). A civil action otherwise removeable for diversity jurisdiction, however, may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. 1441(b)(2). Pursuant to 28 U.S.C. 1447(c), "If at any

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Where federal jurisdiction is based on diversity, and a non-diverse party has been joined as a defendant, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The plaintiff's motive in joining the non-diverse defendant is immaterial to the court's determination regarding fraudulent joinder. *Harris v. Great Lakes Steel Corp.*, 752 F. Supp. 244, 246 (E.D. Mich. 1990). Under the doctrine of fraudulent joinder, the inquiry is whether the plaintiff has at least a colorable cause of action against the non-diverse defendants in the Michigan state courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

For there to be a colorable claim, there must be a reasonable basis for predicting that the state law might impose liability on the facts involved. *Id.* The question is "whether there was any reasonable basis for predicting that [the plaintiff] could prevail" against the non-diverse party. *Id.* To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Walker v. Philip Morris USA, Inc.*, 2011 WL 5119441, at *7 (6th Cir. 2011) (internal citations omitted).

In assessing a whether the plaintiff is unable to establish a cause of action against the non-diverse party in state court, the court may conduct a Rule 12(b)(6)-type analysis. *Walker*, 2011 WL 5119441, at *6.

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete

4

> facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. However . . . a summary inquiry is appropriate only to identify the presence of *discrete and undisputed facts* that would preclude plaintiff's recovery against the in-state defendant.

*Id.* (internal citations and quotations omitted).

Even if the district court "pierces the pleadings" to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and courts have stated is arguably even more deferential.

Any contested issues of fact must be construed in the plaintiff's favor. *Id.* at *7. All doubts as to the propriety of removal are resolved in favor of remand. *Id.* at *6. The burden of proving fraudulent joinder is on the removing party. *Id.*

### B.   Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id*. (internal quotation marks and citation omitted). Thus:

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### III. Analysis

#### A. Motion for Remand

##### 1. Fraudulent Joinder of Defendants Napoleon and Leggat

Defendants argue that Defendants Napoleon and Leggat were fraudulently joined

and Plaintiffs have not stated a claim against those Defendants upon which relief may be granted.

Defendants argue that Plaintiffs have failed to state a colorable claim against Defendants Napoleon and Leggat under Michigan law because; (1) Plaintiffs lack standing, (2) Defendants Napoleon and Leggat do not claim an interest in the property, (3) Defendants Napoleon and Leggat owed no duty to Plaintiffs, (4) Defendants Napoleon and Leggat enjoy governmental immunity, (5) Plaintiffs fail to make a prima facie showing of falsity of claim, malice, and special damages to support their slander of title claim, (6) Defendants were not required to make the publication that Plaintiffs allege was required, and (7) Plaintiffs cannot show prejudice.

This Court will not examine every one of these arguments, finding that Plaintiffs' claims against Defendants Napoleon and Leggat fail because Plaintiffs lack standing and cannot show prejudice.

Plaintiffs' claims fail because once the redemption period following foreclosure of a property has expired, the former owner's rights in and title to the property are extinguished.  At that point, the former owner loses standing to assert claims with respect to the property.  In *Piotrowski v. State Land Office Board,* 302 Mich. 179 (1942), the Michigan Supreme Court held that the mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption."  *Id.* at 185.  The standard under *Piotrowski* has been applied by Michigan courts—and by federal courts applying Michigan law—to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period.  *See Stein v. U.S. Bancorp,* 2011 WL 740537 (E.D. Mich. Feb. 24, 2011) (Cook, J.); *Overton v. Mortg.*

7

*Elec. Registration Sys.,* 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period expired one month after litigation was initiated). In *Overton*, the court held that the plaintiff's suit did not toll the redemption period and stated that the suit was merely the plaintiff's attempt to wage a collateral attack on the foreclosure of the property. *Overton*, 2009 WL 1507342, at *1.

In this case, the sheriff sale occurred on March 9, 2011 and the redemption period ended on March 9, 2012. Plaintiffs did not attempt to redeem the property and instead filed this suit on March 6, 2012. Plaintiffs do not have standing to bring the claims asserted in this suit so Plaintiffs' claims cannot withstand a 12(b)(6) analysis against Defendants Napoleon and Leggat.

Even if Plaintiffs did have standing, Plaintiffs claims against Defendants Napoleon and Leggat fail because Plaintiffs have failed to show that they were prejudiced. Assuming that Plaintiffs' allegation that Defendants failed to comply with the publishing requirement in MCL 600.3220 is true, Plaintiffs' claims still fail.

In *Jackson Inv. Corp. v. Pittsfield Prod., Inc.*, the Michigan Court of Appeals held:

> We hold that a defect in notice renders a foreclosure sale voidable. [...] Such a holding also allows for an examination of whether any harm was caused by the defect. In situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and that the mortgager lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law which [the mortgagor] advocates. Such a rule would automatically nullify the sale without regard to consideration of the intervening interests of the other parties. We conclude that the trial court correctly held that the notice defect rendered the sale voidable and not void.

162 Mich. App. 750, 755-756 (1987).

In *Jackson*, the plaintiff did not file the complaint until five months after the

8

foreclosure sale and did not attempt to redeem the subject property during the redemption period. The court determined that based on those facts, the plaintiff was not prejudiced by the notification violation. Similarly, a district court in the Eastern District of Michigan granted a defendant's motion to dismiss where the plaintiff waited six months after the foreclosure sale to file his complaint and had not tendered any money during the redemption period in an attempt to redeem the property. *Worthy v. World Wide Fin. Serv., Inc.*, 347 F. Supp. 2d 502, 511 (E.D. Mich. 2004) (Feikens, J.). The court determined that even if the plaintiff proved that the defendant failed to comply with the foreclosure notice statute, "there are insufficient grounds upon which this Court could invalidate the foreclosure sale." *Id.*

In this case, Plaintiffs waited just shy of 12 months after the sheriff sale to file their Complaint. Additionally, there is no evidence that Plaintiffs made any attempt to redeem the property during the redemption period or that they had the funds to be able to do so.

Plaintiffs argue that this case is different from the ones cited above because they initially filed suit against Defendant Wells Fargo in 2010. Plaintiffs' initial suit, however, occurred prior to the sheriff sale, so it was not and could not be a challenge of that sale. This case, filed three days shy of a year after the sheriff sale, is the first action that Plaintiff has taken to assert that the sheriff sale was invalid and in that year, there is no indication Plaintiff attempted to redeem the property. Plaintiffs also argue that they were prejudiced because had Defendant Wells Fargo informed Plaintiffs of the sheriff sale, Plaintiffs would have attempted to obtain another temporary restraining order, staying the sale pending appeal.

This Court does not find Plaintiffs' argument persuasive. Based on the emails Plaintiffs' Counsel and Defendant Wells Fargo's Counsel, Plaintiffs knew the Defendant had no intention of cancelling the foreclosure process and intended to adjourn it as needed until the court order was lifted. Pls. Resp. Ex. 1, 2. Plaintiffs did not need and was not entitled to have Defendant inform them which of the weekly adjournments would result in an actual sale in order to attempt to obtain a stay. Plaintiffs were fully aware that on February 17, 2011, this Court dismissed Plaintiffs' claims, thereby extinguishing the temporary restraining order issued on November 15, 2011 and allowing Defendant Wells Fargo to pursue a sheriff sale. Plaintiffs could have appealed immediately and attempted to obtain a stay pending appeal. There is no indication, however, that Plaintiffs took any action from that date until over a year later when they filed this suit.

Plaintiffs have failed to show that they were prejudiced by any violation of the publication requirement of MCL § 600.3220.

Additionally, although unnecessary in this case because Plaintiffs' claims fail with withstand the 12(b)(6) analysis, if the Court decided to pierce the pleadings in this case, the evidence clearly supports the fact that Defendants did, in fact, publish the notice of adjournment of the foreclosure proceedings on a weekly basis, as required by the statute. See Defs. Napoleon & Leggat Resp. Ex. 2. According to Michigan law:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to

> be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

Mich. Compl. Law 600.3220.

The statute plainly provides that a sale is properly adjourned by posting a notice at the place where the sale is to be made. It is only if the adjournment is for more than one week at a time that publication in the newspaper is required. Plaintiffs do not assert that they went to the Coleman A. Young Municipal Center at any time to see if the notice of adjournments were posted. The allegation that the notice of adjournments were not posted is solely on their "information and belief."

In their Responses to Plaintiffs' motion to remand, Defendants attach the weekly Notice of Adjournments, which indicate that the foreclosure sale was adjourned each week from November 17, 2010 to March 9, 2011. The Notice of Adjournments contain a statement from the Deputy Sheriff that he/she "make[s] oath that [he/she] posted the Notice of Adjournment before or at the time of the saw and at the place of the sale." The failure to properly post or notice the adjournment and sheriff sale, as required by statute, is the only allegation that Plaintiffs have alleged against Defendants Napoleon and Leggat. Plaintiff has offered no proof that the statute was violated and Defendants have offered evidence showing they complied with the notification and publication requirements of the statute.

Because Plaintiffs have not stated a claim upon which relief may be granted against Defendants Napoleon and Leggat, the Court finds that those Defendants were fraudulently joined. Because the in-state defendants were fraudulently joined, Plaintiffs'

motion for remand is DENIED.

## 2.     The 30-Day Time Limitation of § 1446(b)

In their Reply brief to the motion to remand, Plaintiffs do not address any of the issues of fraudulent joinder raised in their motion or Defendants' Responses. Instead, Plaintiffs argue that this case should be remanded because the "Notice of Concurrence in Removal" by Defendants Napoleon and Leggat were filed several days late, and therefore Defendant's removal is defective.

Pursuant to 28 U.S.C. 1446, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." 28 U.S.C. 1446(b)(1). That statute also provides, however, that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(A).

In this case, Defendant Wells Fargo was served with this Complaint on March 8, 2012 and filed its Notice of Removal the next day. Defendants Benny N. Napoleon and Ralph Leggat, who were served on March 7, 2012 and March 8, 2012, respectively, filed their Notice of Concurrence of Removal on April 12, 2012. There is no dispute that Defendant Wells Fargo timely filed its notice of removal. Defendant Wells Fargo stated in its Notice of Removal that as of the date it was filed on March 9, 2011, there was no proof of service filed with respect to Defendants Napoleon or Leggat. Plaintiffs did not file the proofs of service for Defendants Napoleon and Leggat with this Court until May 25, 2012.

These late-submitted proofs of service indicate that Defendants Napoleon and Leggat did not file their Notice of Concurrence of Removal within the 30-day window

12

allowed by § 1446. The requirement for all defendants to join in or consent to removal within the 30-day period, however, applies to those defendants "who have been properly joined and served." Because this Court has determined that Defendants Napoleon and Leggat were fraudulently joined, they do not fit within the statute's requirement for defendants that must join in or consent to the removal.

Plaintiffs' motion to remand is DENIED.

### B. Motion to Dismiss

As stated above, Plaintiffs have not stated a claim upon which relief may be granted because Plaintiffs lack standing and have failed to show prejudice. For the reasons already stated, Defendant's motion to dismiss is GRANTED.

Defendant also argues that Plaintiffs have not stated a claim for slander of title, failing to properly allege facts that support the elements of that claim. A plaintiff may bring a cause of action for slander of title when a party encumbers the plaintiff's property by filling an unlawful document with the intent to harass or intimidate. *Caruso v. HMC Mechanical Corp.*, 2005 WL 3481438 (Mich. Ct. App. 2005). The elements of slander of title of title are; (1) falsity of statement, (2) malice or intent to harass, and (3) special damages. *B&B Inv. Group v Gilter*, 229 Mich. App. 1, 8 (1998). Malice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. *Scranton v. Dachille*, 186 Mich. App. 247, 262 (1990).

Paragraphs 36-38 of Plaintiffs' Complaint allege: (1) Defendant falsely claimed they properly adjourned a sheriff sale from November 17, 2010 to March 9, 2011, (2) Defendant maliciously concealed the new date from Plaintiffs in an effort to cloud

Plaintiffs' title to the property, and (3) Plaintiffs have suffered damages as a result of the false recording of a sheriff deed on the chain of title to their property. In their Response, Plaintiffs assert that "Defendant Wells Fargo obtained the sheriff deed by fraud for the sole purpose of harassing Plaintiffs" and that discovery is required to "uncover the huge malicious and fraudulent scheme in which Wells Fargo has engaged."

Assuming *arguendo* that Plaintiffs' have properly pleaded a slander of title claim in Complaint paragraphs 36-38, Plantiffs' claim fails for the same reasons as stated above: Plaintiffs lack standing and have failed to show prejudice. Defendant's motion to dismiss is GRANTED.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand is DENIED and Defendant Wells Fargo's motion to dismiss is GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 30, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager